# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| David Richard Walker, Jr. #188417, | ) | |
| | ) | Civil Action No. 3:15-cv-03536-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Chief Dennis Tyndall, Police, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action seeking relief pursuant to Title 42 U.S.C. § 1983. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 11), filed on October 14, 2015, recommending that this action be dismissed without prejudice and without issuance and service of process for failure to state a claim on which relief can be granted. The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). Moreover, the court is charged with making a *de novo* determination of those portions of a report and recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, a magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Furthermore, objections to a report and recommendation must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b).

1

Plaintiff was notified of his right to file objections to the Report. (ECF No. 11.) Plaintiff filed timely objections to the Report on November 2, 2015. (ECF No. 14.) In his objections, Plaintiff argues that the Magistrate Judge erred in determining that defamation, slander, and libel are not actionable claims pursuant to Title 42 U.S.C. § 1983. (ECF No. 14 at 1.) Specifically, Plaintiff asserts that defamation, slander and libel are "Constitutional Tort[s]" that are actionable under Title 42 U.S.C. § 1983. (ECF No. 14 at 2.) However, Plaintiff fails to support this assertion or identify any basis for his objections. Furthermore, alleged acts of defamation of character or injury to reputation are not actionable under Title 42 U.S.C. § 1983. (ECF No. 11 at 4 (citing *Paul v. Davis*, 424 U.S. 693, 697-710 & nn. 3-4 (1976)).) Moreover, the court finds that the Magistrate Judge did not err in determining that defamation, libel, and slander are not actionable claims pursuant to Title 42 U.S.C. § 1983.

After a thorough and careful review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and the law. Additionally, the court finds that the Report contains no clear error. Therefore, the court **ACCEPTS** the Report and Recommendation. (ECF No. 11.) For the reasons articulated by the Magistrate Judge, it is **ORDERED** that this action be dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

March 1, 2017
Columbia, South Carolina